# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MARY A. AUSTIN,<br><br>          Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>          Defendant. | No. 19-CV-3017-CJW-MAR<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

_____

## I.    INTRODUCTION

This matter is before the Court on a Report & Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 14). Judge Roberts recommends that the Court affirm the decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff Mary A. Austin's ("claimant") application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. Sections 401–434. (*Id.*, at 1). On May 26, 2020, claimant filed her objections to the R&R. (Doc. 15). The Commissioner has not yet filed a response. Although the deadline has not yet elapsed, the Court will rule without waiting for a response. *See* LR 7(e).

For the following reasons, the Court **adopts** Judge Roberts' R&R without modification (Doc. 14) and claimant's objections are overruled (Doc. 15). The Commissioner's decision is therefore **affirmed**.

## II.    PROCEDURAL HISTORY

On July 26, 2016, claimant applied for DIB. (Doc. 9, at 1). She alleged she was disabled due to the autoimmune disease Erosive Lichen Planus, fibromyalgia, bipolar disorder, PTSD, chronic back pain, chronic fatigue disorder, osteoarthritis of the right

hip, chronic constipation, Meniere's disease, insomnia, and obesity. (AR 237).[1] On August 31, 2016, the Commissioner denied claimant's application for DIB. (*Id.*, at 110-118). Claimant requested reconsideration, and on October 26, 2016, the Commissioner again denied claimant's application upon reconsideration. (*Id.*, at 120-123). On July 10, 2018, Administrative Law Judge ("ALJ") Julie K. Bruntz presided over a video hearing with claimant and her attorney, John Lander, as well as Vocational Expert ("VE") Julie Svec in West Des Moines, Iowa. (*Id.*, at 32-72). Claimant and the VE testified. (*Id.*, at 37-72). On October 2, 2018, the ALJ issued an unfavorable decision finding claimant was not disabled. (*Id.*, at 10-23). On November 6, 2018, claimant requested review, and on January 22, 2019, the Appeals Council denied review. (*Id.*, at 1-5, 187-190).

On April 26, 2019, claimant filed her complaint with this Court. (Doc. 1). By November 13, 2019, the parties had fully briefed the case, and on the same day the Court deemed the case ready for decision, referring it to Judge Roberts for an R&R. (Doc. 13-14). On May 12, 2020, Judge Roberts issued an R&R recommending that the Court affirm the Commissioner's decision. (Doc. 14).

In her brief, claimant argued the ALJ erred in two ways, and contested the validity of the ALJ's appointment. (Doc. 10, at 1). First, claimant argued the ALJ erred by failing to properly account for claimant's moderate deficiencies in concentration, persistence, and pace in her residual functional capacity ("RFC") determination. (*Id.*). Second, claimant argued the ALJ erred by failing to provide good reasons to the weight afforded to the four post-last-date-insured opinions of claimant's treating providers. (*Id.*). Last, claimant challenged the validity of the ALJ's appointment under the Appointments Clause. (*Id.*, at 11).

---

[1] "AR" refers to the administrative record. (Doc. 7).

## III. THE REPORT AND RECOMMENDATION

Judge Roberts addressed claimant's arguments in his R&R. First, Judge Roberts found that the ALJ incorporated all the impairments she found supported by the record in her hypothetical, and that the opinions given at least partial weight do not support a conclusion that claimant's attention, concentration, and pace were not adequate for tasks requiring sustained attention. (Doc. 14, at 19-29). Judge Roberts concluded that the ALJ properly accounted for claimant's moderate deficiencies in concentration, persistence, and pace in her RFC determination. (*Id.*, at 19).

Second, Judge Roberts found the ALJ properly supported her decision to assign no weight to the opinions of claimant's treating primary care provider, psychologist, neuropsychology-evaluator, and licensed marriage and family therapist with reasons sufficient to reject the opinions. (*Id.*, at 8, 14-19).

Judge Roberts found that the ALJ was correct that claimant's primary care provider is not an "acceptable medical source" as an advanced nurse practitioner, and thus "cannot establish the existence of a medically determinable impairment." (*Id.*, at 15); *see* SSR 06-03P. Judge Roberts also noted that the claimant's primary care provider did not begin treating the claimant until after the relevant time period had passed, and that he could not assume that the primary care provider accessed all prior treatment notes, that prior treatment notes were connected to the relevant time period, or that the prior treatment "notes supported the extreme limitations contained in [the primary care provider's] opinion." (*Id.*, at 9-10). Judge Roberts also found that the primary care provider's notes and assessments do not establish that the impairments claimant suffered were disabling during the relevant time period, which is necessary to satisfy the requirements for receiving DIB. (*Id.*, at 10, 13-14).

Judge Roberts found that the opinions of claimant's psychologist, neuropsychology-evaluator, and licensed marriage and family therapist, all do not relate

3

to the relevant time period. (*Id.*, at 16, 18-19). Judge Roberts also found that the psychologist did not cite to medical records to support his opinion, and noted that it does not matter whether the therapist's opinion supported the primary care provider's opinion because claimant's primary care provider is not an acceptable medical source. (*Id.*, at 16, 19).

Last, Judge Roberts found claimant failed to timely raise her Appointments Clause argument challenging the ALJ's authority, and that regardless of this "none of [c]laimant's arguments convince me that the unique posture of this case requires remand" because the cases cited in claimant's argument supposedly supporting her position do not address "challenges to the appointments of inferior officers by temporarily-appointed officers." (*Id.* at 33).

### IV. CLAIMANT'S OBJECTIONS TO THE R&R

Claimant objects to Judge Roberts' conclusions and recommendations. (Doc. 15). As to the first issue about accounting for claimant's moderate deficiencies, claimant argues that Judge Roberts erred in relying on *Hosch v. Colvin*, claiming that Judge Roberts relied "on dicta that directly conflicts with controlling Eighth Circuit law, *Newton v. Chater*." (*Id.*, at 2). Claimant also argues that contrary to Judge Roberts' analysis, the ALJ did intend to account for claimant's moderate limitations in the RFC, but that the ALJ did so imprecisely, in conflict with Eighth Circuit caselaw. (*Id.*, at 3). As to the second issue about the weight afforded to the post-last-date-insured opinions, claimant does not specifically object to any portion of the R&R. Claimant merely "objects to the R&R's findings on this issue and continues to rely on her principal briefing." (*Id.*, at 3). Last, claimant argues that Judge Roberts erred in deciding against

4

her on her Appointments Clause challenge against the legitimacy of the deciding ALJ's authority. (*Id.*, at 3-6).[2]

## V. APPLICABLE STANDARDS

### A. Judicial Review of the Commissioner's Decision

The Court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the administrative law judge, but [it does] not re-weigh the evidence[.]" *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010).

---

[2] Claimant raises a number of substantive arguments that the Court will not consider because claimant waived those arguments by failing to raise them during the administrative process. *See, e.g.*, *Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003) (finding that a claimant's failure to raise a disability claim during the administrative process "waived [the claim] from being raised on appeal"); *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) ("[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." (quoting *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999))).

5

The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted).

To evaluate the evidence in an appeal of a denial of benefits, a court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). A court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citation omitted), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently[.]" *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

A court reviews any portions of an R&R to which a party has made no objections under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error."). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## VI. ANALYSIS

### A. *The ALJ's Accounting for the Claimant's Moderate Deficiencies in Concentration, Persistence, and Pace in the RFC Determination*

Claimant's argument that Judge Roberts' approach to this issue was contrary to controlling Eighth Circuit caselaw appears to be based on claimant's oversight regarding

7

a portion of a phrase in *Scott v. Berryhill*; claimant cites the following excerpt from *Scott v. Berryhill* assumedly as proof that the effects of all concentration, persistence, or pace deficiencies in the record must be given weight in the RFC determination:

> A hypothetical question that omits the effects of concentration, persistence, or pace deficiencies that the ALJ has found is not sufficient. *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996) (finding a limitation to simple work insufficient to describe the effects of deficiencies in the ability to maintain regular attendance, be punctual, maintain attention and concentration, and complete a normal work week). That being said, a sufficient hypothetical need not contain much more than the hypothetical at issue in *Newton*. *See Brachtel v. Apfel*, 132 F.3d 417, 421 (8th Cir. 1997) (finding sufficient a hypothetical that included "scantly more than what was included in the *Newton* hypothetical").

*Scott v. Berryhill*, 855 F.3d 853, 857-58 (8th Cir. 2017). (Doc. 15, at 2-3). The court in *Scott* refers to "deficiencies that the ALJ has found" in the first sentence of this excerpt, but claimant treats it as though it refers to any deficiencies that have been alleged in the record. Claimant errs in this treatment; Judge Roberts' R&R emphasizes that the ALJ did not find that claimant only "maintained the ability to perform tasks not requiring sustained attention," so the hypothetical the ALJ presented to the VE did not have to contain such a limitation. (Doc. 14, at 24). As such, the hypothetical the ALJ presented to the VE sufficiently accounted for the limitations the ALJ did find by including that the claimant would be "limited to a job that could be learned in 30 days or less." (AR 70).

Claimant bases her argument that the ALJ intended to account for the moderate deficiencies in concentration, persistence, and pace in the RFC determination, but did so imprecisely, on the same claim that the ALJ's hypothetical to the VE was imprecise. (Doc. 15, at 3). This argument fails for the reasons the Court explained in the preceding paragraph. Claimant's position that the ALJ did not account for the moderate deficiencies at issue in her RFC determination is controverted by the ALJ's use of the exact phrase

"moderate difficulties in maintaining concentration, persistence, and pace" in her explanation of her RFC determination. (Doc. 7-2, at 20).

This Court finds that the Commissioner met his burden to show a satisfactory number of jobs exist in the national economy that claimant can perform, including "pricer," "folder," and "cleaner." (*Id.*, at 24). The VE's assessment of these jobs as jobs that a person with moderate concentration, persistence, and pace limitations could perform is a reasonable assessment, and is consistent with claimant's own reports that she was able to serve as a daycare provider for her grandson, prepare for a garage sale, and attend aqua therapy. (*Id.*, at 22).

### B. *Weight Afforded to the Opinions of Claimant's Post-Date-Last-Insured Treating Opinions*

Claimant's objections to Judge Roberts' R&R on this issue simply state that she objects for the same reasons stated in her principal brief. (Doc. 15, at 3). These objections fail to comply with Local Rule 72A, which states that "[a] party who objects to . . . a magistrate judge's report and recommendation must file *specific*, written objections to the . . . report and recommendation[.]" LR 72A (emphasis added); *accord* FED. R. CIV. P. 72(b)(2) (requiring that "a party may serve and file *specific* written objections to the proposed findings and recommendations" (emphasis added)). Claimant's objections to Judge Roberts' R&R here are, in short, that claimant does not like the rulings. She articulates no reasons other than those already argued to, and addressed by, Judge Roberts. Claimant's general, nonspecific, objections on this issue would require the Court to duplicate the work Judge Roberts has already done, thus defeating the purpose of the R&R.

A court may exercise its discretion to treat such nonspecific objections as making no objection at all. *See, e.g.*, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (finding that a general objection to the entirety of a magistrate

9

judge's R&R "has the same effects as would a failure to object."); *United States v. Scott*, No. CR07–2004–MWB, 2007 WL 1668058, at *4 (N.D. Iowa June 7, 2007) ("Therefore, the court denies defendant Scott's objection on the ground that defendant Scott has failed to state his objection with the requisite particularity."). The Eighth Circuit Court of Appeals has repeatedly noted that district courts need not conduct a de novo review of a magistrate judge's order when the objecting party makes only a general, conclusory objection. *See, e.g.*, *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994); *see also Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) ("We also remind parties that objections must be . . . specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation.").[3]

Here, the Court exercises its discretion to review claimant's objections on this issue for clear error. To do otherwise would defeat the purpose of the R&R. *See Whited v. Colvin*, No. C 13-4039-MWB, 2014 WL 1571321, at *3 (N.D. Iowa Apr. 18, 2014). Having found no clear error, the Court adopts Judge Roberts' R&R on this issue. (Doc. 14, at 8-19).

### C. *Appointments Clause Challenge*

Claimant argues that Judge Roberts should have found, in light of the United States Supreme Court's decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018), that the ALJ was an inferior officer not appointed in a constitutional manner, and, accordingly, claimant

---

[3] The Eighth Circuit Court of Appeals has suggested, however, that in cases involving "strikingly brief" records, or those in which a pro se litigant objects, district courts should apply a de novo review standard more liberally, even in the face of general objections. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (holding a litigant's "pro se objections sufficiently directed the district court to the alleged errors"). Here, claimant is represented by an experienced attorney who has already been cautioned by this Court at least three times in the last five months against making general, non-specific objections. *See Smith v. Comm'r Soc. Sec.*, 1:18-cv-00078-CJW-MAR (N.D. Iowa Jan. 9, 2020) (Doc. 19, at 12-13 n.3); *Hickman v. Comm'r Soc. Sec.*, 6:18-cv-02060-CJW-KEM (N.D. Iowa Nov. 20, 2019) (Doc. 19, at 9-10). Further, the record is relatively lengthy here. Thus, the Court will not apply de novo review more liberally.

10

alleges that she is entitled to a new hearing before a properly appointed ALJ. (Doc. 15, at 3-6). Claimant did not raise the Appointments Clause issue before the ALJ or during her request for review by the Appeals Council.

The Supreme Court in *Lucia* stated "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Lucia*, 138 S. Ct. at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 182-83, (1995)). In *Lucia*, the claimant "made just such a timely challenge; He contested the validity of [the presiding ALJ's] appointment before the Commission, and continued pressing that claim in the Court of Appeals and this Court." *Id.* Since *Lucia*, this Court has addressed whether a social security claimant waives an Appointments Clause challenge by failing to raise the challenge before the ALJ or the Appeals Council. In each case, the Court has found that the claimant waived the argument by not raising it during the administrative proceedings. *See, e.g.*, *Vallecillo v. Saul*, No. 18-CV-2034-CJW-MAR, 2019 WL 4215125, at *3-4 (N.D. Iowa Sept. 5, 2019); *Sexton v. Saul*, No. C18-1024-LTS, 2019 WL 3845379, at *7-8 (N.D. Iowa Aug. 15, 2019); *Frazer v. Saul*, No. C18-2015-LTS, 2019 WL 3776996, at *4 (N.D. Iowa Aug. 12, 2019); *Dewbre v. Comm'r of Soc. Sec.*, No. 18-CV-4055-LRR-KEM, 2019 WL 3752970, at *5-6 (N.D. Iowa Aug. 8, 2019) (report & recommendation); *Murphy v. Saul*, No. 18-CV-2037-CJW-KEM, 2019 WL 3502912, at *7-8 (N.D. Iowa Aug. 1, 2019); *Murphy v. Comm'r of Soc. Sec.*, No. 18-CV-61-LRR, 2019 WL 2372896, at *6-7 (N.D. Iowa Apr. 10, 2019); *Anderson v. Comm'r of Soc. Sec.*, No. 18-CV-24-LRR, 2019 WL 1212127, at *5 (N.D. Iowa Feb. 19, 2019); *Iwan v. Comm'r of Soc. Sec.*, No. 17-CV-97-LRR, 2018 WL 4295202, at *9 (N.D. Iowa Sept. 10, 2018); *Thurman v. Comm'r of Soc. Sec.*, No. 17-CV-35-LRR, 2018 WL 4300504, at *9 (N.D. Iowa Sept. 10, 2018); *Davis v. Comm'r of Soc. Sec.*, No. 17-CV-80-LRR, 2018 WL 4300505, at *8-9 (N.D. Iowa Sept. 10, 2018).

11

Nearly every other district court in the Eighth Circuit to address this issue has also found a Social Security claimant's Appointments Clause challenge raised for the first time on judicial review to be forfeited. *See, e.g.*, *Hernandez v. Berryhill*, No. 8:18CV274, 2019 WL 1207012, at *6-7 (D. Neb. Mar. 14, 2019); *Kimberly B. v. Berryhill*, No. 17-CV-5211 (HB), 2019 WL 652418, at *14-15 (D. Minn. Feb. 15, 2019); *Audrey M.H. v. Berryhill*, No. 17-cv-4975 (ECW), 2019 WL 635584, at *12 (D. Minn. Feb. 14, 2019); *Catherine V. v. Berryhill*, No. 17-3257 (DWF/LIB), 2019 WL 568349, at *2 (D. Minn. Feb. 12, 2019); *Bowman v. Berryhill*, No. 4:18-CV-157 RP-HCA, 2018 WL 7568360, at *12 (S.D. Iowa Dec. 13, 2018). The Court has reviewed the additional Eighth Circuit authority cited by claimant finding in her favor or staying proceedings due to this issue. *Holland v. Saul*, No. 1:19-cv-67-CJW-KEM (N.D. Iowa Sept. 24, 2019); *Cooper v. Saul*, No. 6:19-cv-2034-LRR-MAR (N.D. Iowa Sept. 13, 2019); *Morris v. Saul*, No. 1:19-cv-71-CJW-KEM (N.D. Iowa Nov. 19, 2019); *Freeborn v. Saul*, No. 4:19-cv-195-CRW-HCA (S.D. Iowa Jan. 22, 2020); *Richard E. C. v. Saul*, No. 19-cv-1900-ECW (D. Minn. Mar. 11, 2020). The Court also recognizes that the consolidated cases of *Davis v. Saul*, No. 18-3422, *Thurman v. Saul*, No. 18-3451, and *Iwan v. Saul*, 18-3452, are pending before the Eighth Circuit Court of Appeals on this issue as well.

Nevertheless, this Court's decisions are consistent with the vast majority of other district courts' decisions holding that a claimant waives or forfeits an Appointments Clause challenge made under *Lucia* by not raising the issue during the administrative proceedings. *See, e.g.*, *Morrow v. Berryhill*, No. C 18-04641 WHA, 2019 WL 2009303, at *3-4 (N.D. Cal. May 7, 2019); *Kline v. Berryhill*, No. 3:18-CV-00180-FDW, 2019 WL 1782133, at *6 (W.D.N.C. Apr. 23, 2019); *Hutchins v. Berryhill*, 376 F. Supp. 3d 775, 779, 781 (E.D. Mich. 2019) (rejecting report and recommendation); *Diane S.P. v. Berryhill*, 379 F. Supp.3d 498, 529 (E.D. Va. 2019) (adopting report and

recommendation); *Velasquez ex rel. Velasquez v. Berryhill*, No. CV 17-17740, 2018 WL 6920457, at *2–3 (E.D. La. Dec. 17, 2018) (collecting cases), *report and recommendation adopted*, 2019 WL 77248 (E.D. La. Jan. 2, 2019); *Flack v. Comm'r of Soc. Sec.*, No. 2:18-cv-501, 2018 WL 6011147, at *4 (S.D. Ohio Nov. 16, 2018) (collecting cases), *report and recommendation adopted*, 2019 WL 1236097 (S.D. Ohio Mar. 18, 2019).

The Court sees no reason to depart from its prior holdings on this issue and finds that claimant waived her Appointments Clause challenge by declining to raise the issue during the administrative proceedings. By declining to raise claimant's Appointments Clause challenge during the administrative proceedings, claimant did not make a "timely challenge" to the ALJ's appointment and, accordingly, waived the issue. Claimant's argument that it would have been futile to raise the issue below is unavailing to claimant's as-applied challenge and the Court declines to exercise its discretion under *Freytag v. Commissioner*, 501 U.S. 868 (1991), to excuse claimant's waiver here. Thus, the Court finds claimant waived her Appointments Clause argument.

Further, the Court declines claimant's request to stay entry of this Order until the Eighth Circuit addresses this issue on appeal. Given the overwhelming support for this Court's ruling throughout the lower courts, such delay is not necessary.

### VII. CONCLUSION

For these reasons:

1. Claimant's objections (Doc. 15) to the Report & Recommendation (Doc. 14) are **overruled**.

2. The Court **adopts** the Report & Recommendation (Doc. 14) without modification. *See* 28 U.S.C. § 636(b)(1).

3. Pursuant to Judge Roberts' recommendation:

a. The Commissioner's determination that claimant was not disabled is **affirmed**; and

b. Judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 11th day of June, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa